Alan E. Wisotsky (SBN 68051)
Brian P. Keighron (SBN 71445)
LAW OFFICES OF ALAN E. WISOTSKY
300 Esplanade Drive, Suite 1500
Oxnard, California  93036
Tel:    (805) 278-0920
Fax:    (805) 278-0289
E-mail:  lawyers@wisotskylaw.com

Attorneys for Defendants COUNTY OF
VENTURA, VENTURA COUNTY SHERIFF'S
DEPARTMENT, BOB BROOKS, ODILON MALAGON
*[erroneously sued as Odilion Malagon]*,
and JACOB HOLT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND MacINTOSH, individually, | No. CV 10-5846 DMG (PLAx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| CITY OF CAMARILLO, et al., | |
| Defendants. | |

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1.  Documents subject to this stipulation are documents relating to defendants Odilon Malagon and Jacob Holt which are responsive to plaintiff's Request for Production of Documents (Set One), item Nos. 11, 26, 27, 33, 34, 39, 40, 54, and 55.  The items described in item No. 11 are the deputies' P.O.S.T. training history; the items described in request Nos. 26 and 27 are the deputies' Taser training records; the documents described in request Nos. 33 and 34 are any complaints filed against the

deputies that involve the use of a Taser; the documents described in request Nos. 39 and 40 are any internal affairs investigations against the deputies; and the documents described in request Nos. 54 and 55 are the evaluations, promotions, discipline, ratings, and performance reviews of the deputies.

2.    The documents described in paragraph 1, above, are the proper subject of a privilege. The Court finds that the documents so identified in paragraph 1 and the information contained therein are confidential.

3.    Defendants may redact highly personal and irrelevant confidential information regarding the defendants contained in such personnel files and documents, such as, but not limited to, home addresses, phone numbers, names of family members, personal injury and workers' compensation information, salary information, tax return information, non-police-related occupational and educational information, and similar information.

4.    The Court may modify this protective order at any time for good cause shown and upon notice to the affected parties. The parties themselves may further stipulate to add or delete documents or information subject to this protective order.

5.    Said documents were acquired in confidence and are the proper subject of a privilege, and the defendants' concerns of privilege and other objections raised in their response and outlined in their privilege logs are adequately protected by the protective agreement and order.

6.    The defendants may produce the documents referenced in this protective order subject to the following protections:

/ / /

1    (a)   All such documents, writings, and information will

2 be considered confidential information.   This confidential infor-

3 mation shall be used solely in connection with this case and the

4 preparation and trial of this case, or any related appellate

5 proceeding, and not for any other purpose.

6    (b)   Said documents and information shall not be dis-

7 closed by plaintiff or his attorneys to anyone other than:

8    (1)   The plaintiff's attorney and his staff;

9    (2)   Any expert or consultant hired or retained by

10 plaintiff or his attorney;

11    (3)   Any judge or magistrate judge presiding over

12 any aspect of this action;

13    (4)   Any mediator or other settlement officer agreed

14 to or appointed to assess and evaluate the dispute;

15    (5)   Subject to the below exceptions, any witnesses

16 disclosed by any party pursuant to Rule 26(a)(1), (2), and (3) of

17 the Federal Rules of Civil Procedure and local rules, or any depo-

18 nent in the course of testifying or preparing for testimony.

19    7.   The materials contained in the personnel files of defen-

20 dants Odilon Malagon and Jacob Holt shall not be provided to or

21 viewed by the plaintiff, the plaintiff's family, or friends of the

22 plaintiff.

23    8.   Said documents and information shall not be provided to

24 news media, television, radio, or placed on the Internet.

25    9.   All persons to whom said documents are disclosed will be

26 apprised of this stipulation and of its binding nature on all

27 persons connected with this case.

28 / / /

1    10.  To the extent that any confidential information is dis-

2  closed to a witness pursuant to this order, the documents shall be

3  appropriately marked "Confidential Document produced in *MacIntosh*

4  *v. City of Camarillo, et al.,* subject to protective order."

5    11.  Confidential information or documents shared with or

6  otherwise disclosed to witnesses shall be returned to the

7  disclosing party at the conclusion of this action, and any copies

8  shall be destroyed forthwith at the conclusion of this action.

9    12.  There is no concession by defendants as to the admis-

10  sibility of such items herein disclosed, and defendants have the

11  right to seek exclusion of any such items or the information

12  contained therein or their existence either in limine or during

13  trial.

14    13.  Disclosure of said documents shall be made within ten

15  days of receipt by defendants of a signed and conformed order of

16  the Court.

17    **IT IS SO ORDERED.**

18

19  Dated:   January 19, 2011    _____

20                               PAUL L. ABRAMS
                                 United States Magistrate Judge

21

22

23

24

25

26

27

28

4